UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.        Case No. 6:17-cr-121-Orl-37GJK

BRIAN THOMAS FIX,

    Defendant.

## **ORDER**

This cause is before the Court on consideration of the Joint Motion for Entry of Finding of Not Guilty Only By Reason of Insanity (Doc. 56 ("**Motion**")). The parties also appeared for a Pre-Trial Conference on October 19, 2017.

After his arrest in California for making threats relating to explosives,[1] U.S. Magistrate Judges Sheri Pym and Karla R. Spaulding entered Orders committing Defendant Brian Thomas Fix "to the custody of the Attorney General" ("**AG**") for "confinement in a corrections facility" pending trial. (Docs. 6, 12.)

On May 17, 2017, Defendant was charged in an Indictment with two counts of violating 18 U.S.C. § 844. (Doc. 18.) One week later, Defendant filed a notice pursuant to Federal Rule of Criminal Procedure 12.2(a) of his intention to rely on the defense of insanity. (Doc. 31.) The Court then directed that Defendant be placed "in a suitable

---

[1] Based on a Florida arrest warrant, Defendant was initially arrested on March 7, 2017, by the Sheriff's Department for Riverside County, California. (Doc. 1, ¶ 15.)

-1-

facility" and examined in accordance with 18 U.S.C. §§ 4241(a), 4242(a), and 4247(b). (Doc. 33.) Upon completion of such examinations, the parties agreed that: (1) at the time of the offenses charged in the Indictment, Defendant "was unable to appreciate the nature and quality or the wrongfulness of his acts;" (2) he is now "competent to stand trial or to undergo post-release proceedings;" and (3) the Court "should enter an order finding [Defendant] not guilty only be reason of insanity." (Doc. 56, ¶ 9.) The parties also stipulate that Defendant:

> should be committed to a suitable [Bureau of Prisons ("**BOP**")] facility for an examination pursuant to 18 U.S.C. §§ 4243 and 4247(b)-(c), to determine whether [Defendant] is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

(*Id.* ¶ 10.) Finally, the parties request that "after the BOP examiners complete the required evaluation, the Court hold a hearing to determine whether [Defendant] should be released." (*Id.*)

Under 18 U.S.C. § 4242(b)(3), the Court is authorized to find a criminal defendant "not guilty only by reason of insanity" ("**Insanity Finding**"). Once the Court makes an Insanity Finding, it is then required to:

(1) commit the person to a "a suitable facility until such time as he is eligible for release" in accordance with 18 U.S.C. § 4243(e),[2] *id.* § 4243(b);

(2) order that a psychiatric or psychological examination of the defendant be conducted ("**Exam**"), "and that a

---

[2] A suitable facility is "a facility that is suitable to provide care or treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. § 4247(a)(2).

> psychiatric or psychological report be filed with the court" ("**Report**") in accordance with §§ 4247(b) & (c), *id*. § 4243(b); and
>
> (3) within forty days of the Insanity Finding, conduct a hearing in accordance with the provisions of § 4247(d) ("**Hearing**"), *id*. § 4243(c).

With respect to the Exam, the Court must commit the person to the custody of the AG for "placement in a suitable facility." *See id*. § 4247(b). Further, the Exam must "be conducted by a licensed or certified psychiatrist or psychologist" who "shall be designated by the court." *Id*. "Unless impracticable, the [Exam] shall be conducted in the suitable facility closest to the court." *Id*. Finally, the Exam must be conducted within a "reasonable" period of time, which is "not to exceed forty-five days." *Id*. This reasonable time limit may be extended by no more than thirty days upon a showing of good cause by the "director of the facility." *Id*.

The Court notes certain challenges posed by the pertinent statutory provisions. For instance, the Exam may take up to 65 days to complete under § 4247(b), but the Hearing must be conducted *within 40 days* of the Insanity Finding under § 4243(c). Further, section § 4243(b) simply directs the Court to commit the person to a "suitable facility," while § 4247(b) requires that the Court commit the person *to the AG* for purposes of the Exam.[3] Despite these challenges, the Court finds that the Motion is due to be

---

[3] With a rather confusing double negative, the Court is again directed to commit the defendant "to the custody of" the AG after the Hearing, if the Court "fails to find . . . that the person's release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." *See* 18 U.S.C. § 4243(e).

granted.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Joint Motion for Entry of Finding of Not Guilty Only By Reason of Insanity (Doc. 56) is **GRANTED**.

2. As to the offenses charged in the Indictment (Doc. 18), the Court adjudges that the Defendant Brian Thomas Fix is not guilty only by reason of insanity.

3. Pursuant to 18 U.S.C. § 4243(a) Defendant Brian Thomas Fix is **COMMITTED** to the custody of the Attorney General for placement in a suitable facility until such time as he is found to be "eligible for release" pursuant to 18 U.S.C. § 4243(e).

4. Dr. Lisa Feldman or another licensed or certified psychiatrist or psychologist at Miami FDC is **DIRECTED** to conduct a psychiatric or psychological examination of Defendant Brian Thomas Fix and prepare a report that complies in all respects with the provisions of 18 U.S.C. § 4247(c), including whether Defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.

5. The United States Marshal is **DIRECTED** to transport Defendant Brian Thomas Fix to the suitable facility as designated by the Attorney General.

6. On or before **December 6, 2017**, the Government is **DIRECTED** to file a copy of the report referenced in Paragraph 4 with the Court.

7. The parties are **DIRECTED** to appear at **2:00 p.m. on December 11, 2017**, in Orlando Courtroom 4A, for an evidentiary hearing, which will be conducted in accordance with the provisions of 18 U.S.C. § 4247(d) and § 4243(d).

**DONE AND ORDERED** in Orlando, Florida, this 20th day of October, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record
U.S. Marshall Service